JOSHUA M. PENDERGRASS                                              PLAINTIFF

v.

TIME INSURANCE COMPANY                                             DEFENDANT

## OPINION & ORDER

This matter comes before the Court upon Plaintiff's Motion for Remand (DN 13). Defendant has responded (DN 18), and Plaintiff has replied (DN 20). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

Plaintiff, Joshua M. Pendergrass, purchased medical coverage from Defendant Time Insurance Company ("Time"), effective August 14, 2007. On October 21, Pendergrass received emergency medical treatment following a sudden onset of abdominal symptoms, which was followed by both inpatient and outpatient medical treatment. Pendergrass alleges that Time "failed or refused to provide full payment of benefits owed under the contract of insurance," that Time failed to "timely indemnify" him for medical expenses, and that Time's conduct was "fraudulent, oppressive, malicious, grossly negligent and reckless."

Pendergrass filed this action in Carlisle Circuit Court on November 20, 2009, alleging that he suffered substantial damages as a result of Time's "breach of an insurance contract, breach of the implied covenant of good faith and fair dealing, violation of the Kentucky Unfair Claims Settlement Practices Act, and violation of the Kentucky Consumer Protection Act." His damages allegedly include "contractual benefits, financial and emotional strain, damage to his credit and reputation, and attorneys' fees and costs of bringing this action." Pendergrass did not allege a specific amount in controversy.

Time removed this action on December 23, 2009, alleging diversity jurisdiction under 28 U.S.C. § 1332. Pendergrass objects to removal, arguing that (1) Times' Notice of Removal "fails to assert sufficient facts to find diversity of citizenship of the parties" and (2) Time "lacked a good faith basis at the time of filing to assert an amount in controversy in excess of $75,000."

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

According to the Complaint, at all relevant times Pendergrass was a resident of Kentucky. In its Notice of Removal, Time states that it is incorporated in Wisconsin and has its principal place of business in Milwaukee, Wisconsin. Pendergrass, however, insists that Time "is required to allege, and prove, that it is not incorporated in Kentucky and that Kentucky is not a principal place of business." The Court disagrees. Pendergrass does not cite any authority to support its contention, nor does it assert that the parties are not diverse. 28 U.S.C. § 1446(a) only requires that a Notice of Removal contain "a short and plain statement of the grounds for removal." The Court finds Time's statement regarding diversity of citizenship sufficient. *See Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 199 (4th Cir. 2008) (holding Notice of Removal's allegations sufficient to allege subject matter jurisdiction). Moreover, Time attached

an declaration to its response attesting that it is incorporated and has its principal place of business in Wisconsin, as well as the fact that it has never been incorporated or had its principal place of business in Kentucky.

Time's Notice of Removal also states that it is more likely than not that the amount in controversy is met because Pendergrass accrued at least $65,224.73 in medical charges, and is also seeking damages for emotional pain and suffering and the impact on his credit and reputation, as well as punitive damages and attorney's fees. Pendergrass argues Time has failed to show that the amount in controversy exceeded $75,000 at the time of removal because when the action commenced his unpaid medical expenses totaled approximately $35,000, and because attorney's fees and costs as well as other damages that lie in the future cannot be considered in the calculation of the amount in controversy at the time of removal.

Where, as here, the plaintiff seeks an unspecified amount in damages, the defendant satisfies its burden of proving the amount in controversy requirement when it shows that the amount "more likely than not" exceeds $75,000. *E.g.*, *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Defendants do not have "the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement" because "[s]uch a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Gafford*, 997 F.2d at 159.

"[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009). Pendergrass alleges violations of both the Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230, ("KUCSPA") and the Kentucky

Consumer Protection Act, KRS § 367.170 ("KCPA"). Both statutes allow recovery of attorney's fees. KRS § 367.220(3); KRS § 304.12-235(3). Therefore, this potential award may be considered in determining the amount in controversy.

Additionally, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted). Pendergrass's Complaint alleges he is entitled to punitive damages. Under Kentucky law, punitive damages may be available where an insurer has acted in bad faith and intentionally or recklessly disregarded the rights of an insured. *See Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409-10 (6th Cir. 2005). Therefore, punitive damages must also be considered in determining the amount in controversy.

Considering the damages alleged by Pendergrass, even if the $35,000 unpaid medical expenses is used, the Court finds that Time has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Furthermore, the Court notes that Pendergrass has declined to stipulate that the amount in controversy does not exceed $75,000. Because the Court also finds that Time has sufficiently shown that the parties are diverse, the Court holds that the action was properly removed.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (DN 13) is DENIED.